UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICK CRECELIUS,

      Plaintiff,

v.                        Case No:  2:17-cv-320-FtM-99CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Carol Mirando's Report and Recommendation ("R&R"), recommending that the Commissioner of Social Security's decision to deny Plaintiff Rick Crecelius disability and disability insurance benefits ("DIB") be affirmed. (Doc. 18). Crecelius objects to the R&R (Doc. 19), to which the Commissioner has responded (Doc. 20). For the reasons set forth below, the Court accepts and adopts the Report and Recommendation and overrules Plaintiff's objections.

## BACKGROUND

The Court adopts the factual background detailed in the R&R. (Doc. 18, pp. 2-4). For brevity's sake, the Court will briefly outline the procedural background. On July 25, 2013, Crecelius applied for a period of disability and DIB due to essential tremors, arthritis

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

both legs, and high blood pressure. (Doc. 14-3, p. 90). He alleged a disability onset date of January 1, 2013 (*id.* at 191), which was amended to April 24, 2014 (*id.* at 215).

His application was denied initially and upon reconsideration. Thereafter, Crecelius filed a written request for a hearing. After a hearing, Administrative Law Judge ("ALJ") William G. Reamon denied Crecelius' application having found that he was not disabled. (Doc. 14-2, pp. 17-26). The Appeals Council denied Crecelius' request for review, making the ALJ's decision the Commissioner's final decision. Thereafter, Plaintiff filed the instant appeal.

## LEGAL STANDARDS

### A. Review of the Magistrate Judge's Report and Recommendation

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). When a party makes specific objections to a magistrate judge's report, the district court engages in a *de novo* review of the issues raised. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### B. Review of the ALJ's Decision

This Court's review of the Commissioner's decision is limited to evaluating whether substantial evidence supports the decision and whether the ALJ applied the proper legal standards. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). This review is *de novo*. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v.*

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).  "[The Court] may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, n. 8 (11th Cir. 2004)).  The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court finds that the evidence more likely supports a different conclusion.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

**DISCUSSION**

After an independent review of the complete record, Joint Memorandum, and applicable case law, the Court finds the R&R to be well reasoned, thorough, and legally sound.  The Court thus accepts it.  Plaintiff raises three objections to the R&R (Doc. 19), offering little more than a reiteration of the arguments made in the parties' Joint Memorandum (Doc. 17).  The Court addresses the objections below.

**A. Residual Functional Capacity (RFC) Assessment**

Plaintiff argues that the ALJ did not adequately address Plaintiff's right leg impairment, obesity, and manipulative limitations in the RFC assessment.  To determine whether a claimant can perform his past relevant work, the Commissioner makes a finding as to the claimant's RFC.  *See* 20 C.F.R. § 404.1520(e).  An RFC is the most a claimant can still do despite the physical and mental limitations resulting from his impairments.  *See* 20 C.F.R. § 404.1545(a); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).

The ALJ found that Plaintiff had the following severe impairments: essential tremors, status-post left lower extremity fractures/surgeries with residual arthrosis of the

tibiotalar joint and suprapatellar joint region with bone infarction in the proximal tibial metaphyseal region; fracture of the right femoral shaft with intramedullary nailing; and obesity. (Doc. 14-2, p. 19). The ALJ then found that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except occasionally climb ramps and stairs; never climb ladders, ropes and scaffolds; occasionally kneel, crouch and crawl; frequent handling and fingering; the need to avoid concentrated exposure to extreme cold and humidity; and the need to avoid concentrated exposure to hazards (e.g., dangerous moving machinery, unprotected heights, etc.). (*Id.* at 22).

Plaintiff argues the ALJ erred in according "great weight" to the opinion of state agency consultant Debra Troiano, M.D. who opined on January 1, 2014 that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently and stand/walk six hours and sit six hours in an eight-hour workday. (Doc. 14-2, pp. 105-06). Dr. Troiano also opined Plaintiff could climb ramps/stairs occasionally; never climb ladders, ropes or scaffolds; and stoop, kneel and crouch occasionally.[2] (*Id.*) Plaintiff argues that because Dr. Troinao offered her opinion *before* Plaintiff fractured his right femoral shaft and underwent intramedullary nailing surgery with Dr. Patrick Leach in May 2014, the ALJ improperly relied on opinion evidence that did not contemplate the additional limitations imposed by Plaintiff's right leg fracture and nailing surgery. Plaintiff also alleges that he became obese after Dr. Troiano's review, which she did not take into account. In support, Plaintiff cites *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961 at *8 (M.D. Fla. Mar. 27, 2008), which states that the "ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion" and the ALJ analysis must be sufficiently articulated

---

[2] These are the limitations adopted by the ALJ in the RFC.

for the Court to determine if the requisite accurate and logical bridge from the evidence to the conclusion exists.

Contrary to Plaintiff's argument the RFC does account for Plaintiff's leg impairments following his right leg fracture and nailing surgery, as well as his obesity. The ALJ explicitly recognized Plaintiff was obese and explained that he "considered the effects of [Plaintiff's] overall body habitus in establishing the residual factional capacity." (Doc. 14-2, p. 22). The ALJ also discussed Plaintiff's obesity and the evidence pertaining to Plaintiff's leg impairments, including his May 2014 surgery in his RFC analysis. (*Id.* at 23-24). The ALJ noted that in June 2014, Dr. Leach indicated Plaintiff could progress to weight bearing as tolerated and at an August 2014 follow up, Dr. Leach "encouraged him to continue to advance his activities as he can tolerate." (*Id.* at 24, 346-47). Although Dr. Troiano's opinion predated Plaintiff's May 2014 surgery, her opinion was supported by Dr. Leach's treatment records (which the ALJ noted) and Plaintiff's testimony that Dr. Leach only limited him to lifting over 20 pounds and then released him back to work at Home Depot in September or October 2014. (*Id.* at 25, 74, 69-80).

After an independent review, the Court finds that substantial evidence supports the ALJ's findings regarding Plaintiff's RFC. The ALJ properly considered the relevant medical and other evidence in determining Plaintiff's RFC and included limitations that accounted for Plaintiff's leg and obesity problems. *See* 20 C.F.R. 404.1545(a)(3). The objections are overruled.

### B. Plaintiff's Credibility

Plaintiff next argues that the ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence as required by 20 C.F.R. § 404.1529. Plaintiff states

that the ALJ did not provide any discussion as to why he did not accept the Plaintiff's testimony concerning his pain levels and tremors, his inability to perform prolonged standing and walking for six hours or more on a regular basis, and his inability to complete a full eight-hour work day.

The Eleventh Circuit has recognized that subjective testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the claimant complains is sufficient to sustain a finding of disability. *See Walker v. Bowen*, 826 F.2d 996, 1003-04 (11th Cir. 1987). If the ALJ discredits such testimony, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). Failure to articulate adequate reasons for discrediting subjective testimony, mandates that the testimony, as a matter of law, be accepted as true. *See id.* at 1012. When a claimant attempts to establish disability based on his subjective complaints, he must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 404.1529; *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Here, following a bullet-list summary of the functional limitations and symptoms that Plaintiff testified to and that the ALJ considered (Doc. 14-2, pp. 22-23), the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical and other evidence in the record. (Doc. 14-2, p. 23). In support, the ALJ relied on objective findings in the record, Plaintiff's improvement with treatment, and Plaintiff's

return to part-time work four to five months after his surgery.  (*Id.* at 24-25).  Specifically, the ALJ relied on an October 8, 2015 treatment note from the Family Health Centers of SW Florida, stating that Plaintiff's "symptoms controlled on current medication; tremor and pain better while on Lyrica 50 mg; sedating improved and not a problem; taking medication as prescribed."  (*Id.* at 24, citing Exhibit 8F, 3).  The ALJ then noted "[t]his would appear to run contrary to the claimant's hearing testimony indicating a worsening of his overall conditions."  (*Id.*)  The ALJ went on to accord great weight to Dr. Leach's opinion offered in August 2014 that Plaintiff should not lift in excess of 20 pounds, which the ALJ accounted for in the RFC's limiting Plaintiff to light work with frequent manipulative limitations.  (*Id.*)

The ALJ also observed that Plaintiff did not follow up with Dr. Leach after August 2014.  (*Id.* at 24); *see* 20 C.F.R. § 404.1529(c)(3)(v), (vi) (permitting consideration of treatment received and measures claimant uses to relieve pain).  Although Plaintiff testified this was due to his inability to afford medical insurance, Plaintiff earned an income working 15 to 20 hours a week, lived rent free with his ex-wife, and was able to afford a smoking habit.  (*Id.* at 39-40, 71, 361, 368, 373).  In any event, the ALJ considered other factors in analyzing Plaintiff's subjective complaints, including objective findings on examination, the statements from Plaintiff's medical providers indicating improvement, and Plaintiff's ability to return to work, four to five months after his surgery.  (*Id.* at 24-25).  Dr. Espinoza noted in a September 2015 treatment note that Plaintiff reported "[f]eeling fine."  (*Id.* at 24, 387).  The ALJ further observed that Plaintiff's most recent October 2015 treatment record stated, "Symptoms controlled on current medication tremor and pain better while on [L]yrical 50 mg."  (*Id.* at 24, 382); *see* 20 C.F.R. § 404.1529(c)(3)(iv)

(providing ALJ may consider effectiveness of medication when evaluating subjective complaints). Also, the record reflects Dr. Espinoza continued to prescribe Lyrica. (*Id.* at 384). While Plaintiff testified that Lyrica caused stomachaches, this conflicts with his statement to Dr. Espinoza specifically denying side effects from medication. (*Id.* at 382); *see* 20 C.F.R. § 404.1529(c)(4) (consideration is given to any conflicts between the claimant's statements and the rest of the evidence).

After an independent review, the Court finds that substantial evidence supports the ALJ's findings regarding its credibility findings. The ALJ provided ample reasons for reaching his conclusion that Plaintiff's subjective complaints were not consistent with the medical and other evidence in the record. The objections are overruled.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 19) are **OVERRULED**.

(2)     United States Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 18) is **ADOPTED and ACCEPTED** and the findings incorporated herein.

(3)     The Commissioner of Social Security's decision is **AFFIRMED**.

(4)     The Clerk of Court is **DIRECTED** to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner of Social Security, and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of August, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record